UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCIO OLIVEIRA, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND FUNDING, LLC, as Assignee of Citibank Sears Gold Mastercard <br><br> Defendant. | Civil Action No. <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED |

## I. PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Marcio Oliveira, against Defendant Midland Funding, LLC as Assignee of Citibank Sears Gold Mastercard for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff Marcio Oliveira is an adult individual residing in Fall River, Massachusetts.

5. Defendant Midland Funding LLC., ("Midland") is a foreign limited liability company engaged in the business of collecting debts in this state with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108. The

principal purpose of Midland is the collection of debts using the mails and telephone, and Midland regularly attempts to collect debts alleged to be due another.

6. Corporation Service Company is the registered agent for Midland Funding LLC at 84 State Street, Boston, MA 02109.

## IV. FACTUAL ALLEGATIONS

7. At all pertinent times hereto, Defendant Midland purchased and was attempting to collect a debt allegedly owed to Citibank Sears Gold Mastercard (hereafter the "debt") for which Plaintiff was not responsible.

8. On or about October 18, 2013, Defendant Midland filed Civil Action No. 1332SC0021898, *Midland Funding LLC as Assignee of Citibank Sears Gold Mastercard v. Oliveira, Marcio*, in the Small Claims Court of the Fall River District Court against "Marcio Oliveira" at Plaintiff's address that attempted to coerce Plaintiff into paying the debt (attached as Exhibit "A" and incorporated herein).

9. On or about April 16, 2014, the above matter was dismissed without prejudice at Midland's request (see Exhibit "A").

10. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, out-of-pocket expenses, emotional and mental pain and anguish, and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. CLAIMS

### COUNT ONE – VIOLATIONS OF THE FDCPA

11. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

12. Defendant is a "debt collector" as defined by section 1692a(6) of the FDCPA.

13. Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Violating 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

   b. Violating 15 U.S.C. § 1692e(2)(A) by falsely representing the amount, character or legal status of a debt;

   c. Violating 15 U.S.C. § 1692e(10) and 1692f by otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, actual damages, attorney's fees and costs.

## COUNT TWO – VIOLATIONS OF M.G.L c. 93A, § 2

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. Plaintiff is a "person" as defined by M.G.L. c. 93A, §1.

19. At all relevant times Defendant was engaged in "trade" and "commerce" as defined by M.G.L. c. 93A, §1.

20. By acting in the manner complained of, the Defendant engaged in unfair and deceptive practices, in violation of M.G.L. c 93A, § 2.

21. As a result of the above violations of M.G.L. c 93A, § 2, Defendant is liable to Plaintiff for actual damages, attorney's fees and costs.

## VI. JURY TRIAL DEMAND

22. Plaintiff demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees; and

(d) Such other and further relief as may be just and proper.

Respectfully submitted,
By his attorney

_____
MITCHESON VIANA LLP
Mark P. Viana, Esq. BBO# 676874

4

90 Concord Avenue | Suite 3
Belmont, MA 02478
Office: (617) 484-8600
Fax: (617) 977-2864
mark@mvlaw.us

Dated: October 17, 2014